IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03499-BNB

WILLARD C. SMITH,

    Applicant,

v.

BOBBY BONNER, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Willard C. Smith, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Smith has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his criminal conviction in Otero County District Court case number 04CR247.  The court must construe the application liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Smith will be ordered to file an amended application.

    Mr. Smith fails to provide a clear statement of each claim for relief in the application.  Part of the confusion stems from the fact that Mr. Smith asserts a number of claims that are repetitive of other claims.  For example, Mr. Smith alleges in his first

claim for relief that counsel was ineffective by failing to file any motions prior to trial. However, the only specific pretrial motion Mr. Smith contends counsel failed to raise, a motion for bifurcation, also is the subject of a separate ineffective assistance of counsel claim identified as claim seven in the application.

Mr. Smith also fails to allege specific factual allegations in support of each claim in the application to demonstrate that his federal constitutional rights have been violated. For example, Mr. Smith fails to allege facts in support of his ineffective assistance of counsel claims that explain how he was prejudiced by counsel's alleged ineffectiveness. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Similarly, in claim seventeen in the application Mr. Smith attempts to incorporate claims asserted in state court motions without identifying the specific facts that support those claims. (*See* ECF No. 1 at 12 ("The claims have not changed, just different supporting facts."))

Because the specific claims he is asserting are not clear, Mr. Smith will be ordered to file an amended application. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Smith must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim. Mr. Smith is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not

cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Smith has filed a Motion to Stay (ECF No. 5) asking the court to stay this action while he pursues a second postconviction Rule 35(c) motion in Colorado state court premised on newly discovered evidence. It is not clear whether Mr. Smith is asserting in the application any federal constitutional claims premised on newly discovered evidence that are the subject of the second postconviction Rule 35(c) motion Mr. Smith alleges he has filed in state court.

To obtain habeas relief, an applicant ordinarily must exhaust the available state remedies. *See* 28 U.S.C. § 2254(b)(1). Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies on a particular claim is a matter of district court discretion. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Mr. Smith's motion to stay may be granted only if: (1) he has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Mr. Smith fails to demonstrate that a stay is appropriate. Even assuming Mr. Smith is asserting an unexhausted claim in the application, he fails to demonstrate good cause for his failure to exhaust state remedies prior to filing the instant action.

Furthermore, because Mr. Smith fails to provide a clear statement of his claims, the court cannot determine whether any unexhausted claims potentially are meritorious.

For these reasons, the Motion to Stay will be denied at this time. The motion will be denied without prejudice to the filing of an amended motion that specifies the claims for which Mr. Smith seeks to exhaust state remedies and that addresses the requirements set forth in *Rhines* that are discussed above. Accordingly, it is

ORDERED that Mr. Smith file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Smith shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Smith fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Motion to Stay (ECF No. 5) is DENIED.

DATED January 15, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge